**[J-123-2016][M.O. – Baer, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

KEVIN PITTMAN,

         Appellant

         v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE,

         Appellee

| |
|:--|
| : No. 56 MAP 2016 |
| : |
| : Appeal from the Order of the |
| : Commonwealth Court dated 1/8/16 at |
| : No. 978 CD 2014 affirming the |
| : Pennsylvania Board of Probation and |
| : Parole Order dated 5/29/14 at No. |
| : 1435-S |
| : |
| : |
| : SUBMITTED:  November 22, 2016 |
| : |

**CONCURRING OPINION**

**CHIEF JUSTICE SAYLOR**                **DECIDED:  April 26, 2017**

I join the majority's holding that the Board erred in its failure to exercise discretion in addressing the matter of credit, as well as the associated reasoning.

As to the requirement of a "contemporaneous statement" from the Board explaining the reasons for its decision, Majority Opinion, *slip op.* at 13-14, I note that this Court has concluded that parole revocation determinations are subject to the Administrative Agency Law.  *See Goods v. PBPP*, 590 Pa. 132, 142, 912 A.2d 226, 232-33 (2006).[1]  As relevant here, such enactment requires that "[a]ll adjudications of a

---

[1] I observe that the definition of "adjudication," for purposes of the Administrative Agency Law, does not apply, at least by its own terms, to parole-related orders.  *See* 2 Pa.C.S. §101.  While unfortunately *Goods* does not address this definition, the salutary effect of the decision is to reconcile the treatment of decisions of the Board that implicate a constitutionally guaranteed right of direct appellate review with the treatment (continued…)

Commonwealth agency shall be in writing [and] shall contain findings and the reasons for the adjudication . . .." 2 Pa.C.S. §507. My only potential difference with the majority opinion lies in the the extent to which the opinion may be read to diverge from this statutory requirement concerning the timing and/or content of written explanations by the Board.

Justice Todd joins this concurring opinion.

_____

(…continued)

generally afforded under the Administrative Agency Law, thus establishing the procedural framework supporting meaningful judicial review.

Parenthetically, and as the majority explains, there are a wide range of the Board's decisions that do not implicate a constitutionally guaranteed appeal right. *See Goods*, 590 Pa. at 142, 912 A.2d at 232 (citing *Rogers v. PBPP*, 555 Pa. 285, 292-93, 724 A.2d 319, 322-23 (1999) (holding that routine parole denial decisions do not affect an existing enjoyment of liberty and, thus, do not implicate a constitutionally guaranteed right of appellate review)). Notably, the Court has not channeled such decisions into the Administrative Agency Law. *See id.*