# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John M. Sowers, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 272 C.D. 2023 |
| | : | SUBMITTED: July 5, 2024 |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED: January 29, 2025**

Before the Court is the application for leave to withdraw appearance filed by Nicholas E. Newfield, Esq., Counsel for Petitioner, John M. Sowers. At the time of his petition for review,[1] Sowers was incarcerated at the State Correctional Institution at Huntingdon[2] (SCI–Huntingdon) after recommitment as a convicted parole violator (CPV) by Respondent, the Pennsylvania Parole Board.

Although Petitioner's involvement with the criminal justice system and the Board is lengthy, the history of this matter may be stated briefly as follows. As of the time of his petition for review, Petitioner was confined for a sentence of 8

---

[1] The document filed is titled "petition for remedy," which we consider to be a petition for review.

[2] Records of the Department of Corrections show that Petitioner was released on February 21, 2024. *See* Department of Corrections' inmate locator, https://inmatelocator.cor.pa.gov (last visited Jan. 28, 2025).

years and 6 months to 22 years imposed by the Court of Common Pleas of Lancaster County on January 3, 2003, for a case involving burglary, arson, and related offenses. (Certified Record "C.R." at 1-15.) Petitioner's original maximum sentence date was November 13, 2024. (July 18, 2011 Order to Release on Parole, C.R. at 16.) Subsequently, in the years after an initial parole in July 2011, Petitioner had several run-ins with the law resulting in recomputations of his maximum sentence date. (C.R. at 17-47.) Prior to his most recent revocation, Petitioner was last granted parole on January 14, 2019, with an actual release date of May 21, 2019. (Jan. 14, 2019 Order to Release on Parole, C.R. at 41-47.) His new maximum sentence date was July 6, 2028. (*Id.* at 43.)

In June 2022, Petitioner was arrested for new charges: harassment—subject to other physical contact(s) under Section 2709(a)(1) of the Crimes Code, 18 Pa. C.S. § 2709(a)(1), a summary offense; and terroristic threats with intent to terrorize another under Section 2706(a)(1) of the Code, 18 Pa.C.S. § 2706(a)(1), a misdemeanor of the first degree. (Police Criminal Complaint, C.R. at 59-62.) The criminal complaint stated with regard to the charge of terroristic threats that Petitioner "did communicate, either directly or indirectly, a threat to commit a crime of violence, namely told the victim he was a dead man wile [sic] wield [sic] a knife with intent to terrorize [redacted]." (*Id.*, C.R. at 60.) The criminal complaint stated with regard to the charge of harassment, Petitioner "with intent to harass, annoy or alarm another person, namely [redacted], did strike, shove, kick or otherwise subject such other person to physical contact, or did attempt or threaten to do the same, in that [Petitioner] did toss a rock at the victim." (*Id.*) The affidavit of probable cause stated that Petitioner "got into a physical altercation with" the victim and that "[a]fter reviewing camera footage, and speaking with a witness, it was determined that

2

[Petitioner] tossed a rock at [t]he [v]ictim which resulted [in] a scuffle. After the scuffle [Petitioner] took out his folding pocketknife, opened it, and walked towards [t]he [v]ictim saying 'you're a dead man.'" (*Id.*, C.R. at 62.) Petitioner entered into a negotiated guilty plea and was sentenced for harassment; the terroristic threats charge was withdrawn (Criminal Docket, Court of Common Pleas of Adams County, C.R. at 65).

As a result of the new charges, the Board lodged a warrant to commit and detain Petitioner. (Warrant to Commit and Detain, C.R. at 49.) On September 28, 2022, Petitioner signed a Board document waiving a revocation hearing and right to counsel and admitting to the offense and parole violation. (Waiver of Revocation Hr'g and Counsel/Admis. Form, C.R. at 51-52.) A hearing examiner prepared a report recommending award of partial credit for time at liberty on parole, explaining, *inter alia*, apparently based upon the averments in the criminal complaint, that "[t]he new offense was assaultive/aggressive in nature and involved possession of a knife thereby warranting denial of credit for time at liberty on parole for at least a portion of the time at liberty on parole," but that "[t]he new offense is a summary level conviction that warrants awarding at least a portion of the time at liberty on parole." (Revocation Hr'g Report, C.R. at 74.) The hearing examiner also noted Petitioner's previous recommitment twice as a CPV for driving under the influence, and his positive adjustment and lack of sanctions during his most recent parole for multiple years as another reason for awarding a portion of the time at liberty on parole.[3] (*Id.*

---

[3] The hearing examiner reiterated as follows:

> Preponderance is established by waiver/admission and is supported by documentary evidence. The Board has previously recommitted him twice as a [CPV] for [driving under the influence], but he was on reparole for over three years with good adjustment and no noted

**(Footnote continued on next page…)**

3

at 74-75.)  The hearing examiner recommended as follows: "that the Board AWARD credit from 05/21/2019 (date of parole) to 06/21/2021 (date one year before his arrest).  I recommend that the Board DENY credit for the remaining time at liberty on parole.  This decision would essentially deny the offender credit for one-year of time at liberty on parole." (*Id.* at 75.)

A Board member adopted the hearing examiner's recommendation and recommitted Petitioner as a CPV to serve six months' backtime with a review date, changing his maximum sentence date to July 7, 2029.  (*Id.* at 75, 79, 81; Order to Recommit, C.R. at 87.)  Petitioner, acting *pro se*, filed an administrative appeal form with several pages attached detailing the basis for his requested relief.[4]  By letter dated February 22, 2023, the Board denied administrative relief and affirmed its earlier decision.  (Board Response, C.R. at 107-08.)  The Board cited Petitioner's new conviction as meeting the threshold for recommitment under Section 6138(a)(1.1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(1.1).  (*Id.* at 107.)  It further stated that pursuant to the waiver/admission form signed by Petitioner, the

> sanctions.  He has now been convicted of summary [h]arassment.  The offense stems from an incident where he threw a rock at his neighbor's window leading to a scuffle where he pulled out a knife and threatened the other person.  He was on parole from a sentence for [b]urglary and [a]rson at the time.  Based on the aggressive/assaultive nature of the offense, I am voting to recommit him as a CPV with a review date.  I am also recommending that the Board award partial credit for time at liberty on parole.

(Revocation Hr'g Report, C.R. at 81.)

[4] Petitioner later filed an "amendment to administrative appeal," received by the Board on November 28, 2022.  The Board stated that the "[a]dditional correspondence . . . will not be considered."  (Board Response, C.R. at 107, citing 37 Pa.Code § 73.1.)  Petitioner has not challenged this refusal to consider the amendment on appeal.

Board had acted within its authority to revoke his parole. (*Id.*) Finally, the Board concluded that its earlier decision to revoke parole was supported by substantial evidence, did not constitute an error of law, and did not violate Petitioner's constitutional rights. (*Id.* at 107-08.)

Petitioner's petition for review ensued. The petition itself is four pages long with seven lengthy numbered averments, each containing several allegations against the Board and others, many of which are repeated in various iterations throughout.[5] There is no discrete listing of issues. Summarized for the purposes of adjudicating Counsel's no-merit letter, Petitioner asserts the following:

> First, that his waiver of a hearing was not voluntary because "agents of parole" advised him to sign the waiver under various false pretenses and "coercion" and because his parole agent, his counsel, and the district attorney's office prosecuting the underlying case told him that he would not be found to be a CPV if he pled guilty to the summary offense. (Pet. for Review ¶ 2.)
>
> Second, that the Board was provided with evidence showing that Petitioner was "not guilty of wrongdoing" but found him to be a CPV despite that. (Pet. for Review ¶¶ 2, 8.)
>
> Third, that the underlying allegations of the dismissed terroristic threats charge could not be used to deprive him of time at liberty on parole and that to do so was a violation of due process and his rights under the Parole Code. (Pet. for Review ¶¶ 3, 5-6.)
>
> Fourth, that the parole agreement he had previously signed was a "contract" and that the Board was required to notify him that "any changes to the rules and terms and conditions," including a statutory change which elevated the summary offense of harassment to a basis for a finding

---

[5] It is noted that there are differences between the versions of the issues listed in Petitioner's administrative appeal, his petition for review, and his later filings with the Court.

5

that a parolee was a CPV, and that the loss of liberty as a result of such conviction was a violation of due process. (Pet. for Review ¶ 4.)

Fifth, that the underlying conduct for the charges against him constituted self-defense and was therefore not "assaultive." (Pet. for Review ¶ 6.)

Sixth, that he was not convicted by a "court of record," because the judge in his case was sitting in the capacity of a magistrate. (Pet. for Review ¶ 7.)

The Court appointed the Public Defender of Huntingdon County to represent Petitioner, and Counsel entered his appearance. Counsel submitted an application for leave to withdraw his appearance and a "no-merit" letter[6] in support of the application. In his no-merit letter, Counsel states that he has reviewed the record and concludes that the petition for review is frivolous. As required, Counsel's letter advised Petitioner of his right to retain substitute counsel and to raise any points which he may deem worthy of merit in a *pro se* brief filed with the Court. Petitioner has filed both a "motion to object to counsel's [no-merit] letter" and a brief in support of his petition for review.[7] The Court issued an order in September 2023 directing that Petitioner's motion to object to counsel's no-merit letter would

---

[6] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel files such a letter when seeking to withdraw from representation of a parole violator because the violator's case lacks merit, although it may not be "so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020) [quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)] (internal quotation marks omitted). Such letters go by many names in the Commonwealth, including "no-merit letter," "*Finley* letter," "*Turner* letter," and "*Turner/Finley* letter." *See Anderson*, 237 A.3d at 1204 n.2.

[7] As we are not adjudicating the merits of his petition for review at this time, and Petitioner continues to be represented, albeit by Counsel who wishes to withdraw, we do not currently consider Petitioner's brief in support of his petition for review.

6

be decided with Counsel's application for leave to withdraw appearance and no-merit letter. The Court also issued an order, pursuant to the Board's request, to stay the substantive briefing schedule pending the resolution of Counsel's application for leave to withdraw.

A no-merit letter must detail the nature and extent of counsel's review, list each issue raised by the parolee, and explain why counsel concluded that parolee's claim is meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. 2009). If counsel has complied with these procedural requirements for withdrawal, the Court will independently review the merits of a parolee's claims. *Id.* at 960. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of his client. *Id.*

Counsel lists the issues raised in the petition for review as follows:

a) Board action cites conviction in a court of record for recommitment purposes.

b) Board action cites aggressive/assaultive nature of the offense and a knife as evidence to recommit and violate.

c) Board action cites that the new offense was assaultive/aggressive in nature and warranted denial of partial liberty on parole.

d) [ ]Board . . . recommitted the offender for a summary offense that is not violatable.

e) Board . . . did violate and impeded the offender's rights by changing the rules and conditions governing the offender's parole without notification to the offender.

(Counsel's No-Merit Letter at 1.) This list of issues appears to be derived from the first additional page attached to Petitioner's administrative remedies form. (*See* Attach. to Administrative Remedies Form, C.R. at 94; *see also* Administrative Remedies Form, C.R. at 93.)

The listing of issues in the no-merit letter does not fully correspond to the issues raised in the petition for review. Those issues, while somewhat difficult to discern, must as a threshold matter be listed in a no-merit letter before we review the merits of Petitioner's claims. Further, while Counsel does, to be sure, address some of the issues raised in the petition for review in the body of the letter, others are addressed simply by arguing that they were waived because Petitioner waived his right to a revocation hearing. This reliance on waiver is misplaced, as there is no requirement that to preserve an issue for review by this Court, it must be raised at a revocation hearing first—it is sufficient that the parolee raise it to the Board in an administrative appeal. *See Goods v. Pa. Bd. of Prob. and Parole*, 912 A.2d 226 (Pa. 2006); 12 West's Pa. Prac., Law of Prob. & Parole § 17:7 (3d ed., Oct. 2023).[8] While we do not reach whether the issues were waived for other reasons, the failure to raise them at a revocation hearing does not constitute a waiver.

Accordingly, Counsel's application for leave to withdraw appearance is denied without prejudice. Counsel is directed, within 90 days from the filing of this opinion to either file an amended application for leave to withdraw, along with

---

[8] We note that in *Goods* a revocation hearing *did* take place and the parolee failed to raise his objection to the timeliness of the hearing at the hearing, thus setting the stage for the question of whether the issue had been preserved for review. While the Supreme Court in *Goods* stated that it saw no impediment to the imposition of a requirement that issues be raised at the revocation hearing, neither the General Assembly nor the Board has imposed such a requirement at this time. *See* 12 West's Pa. Prac., Law of Probation & Parole § 17:7 (3d ed., Oct. 2023).

a revised no-merit letter, or to submit a brief on the merits of Petitioner's petition for review.

_____

**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| John M. Sowers, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 272 C.D. 2023 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 29th day of January, 2025, the Application for Leave to Withdraw Appearance is hereby DENIED without prejudice. Counsel is directed, within 90 days from the date of his order, to either file a renewed application for leave to withdraw appearance, along with a revised no-merit letter, or submit a brief on the merits of Petitioner John M. Sowers' Petition for Review.

_____
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita