Dennis Donnelly, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvaia Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Francis M. Socha,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, February 24, 1983:

On February 5, 1982, Dennis Donnelly was recommitted as a technical parole violator by the Pennsylvania Board of Probation and Parole (Board) when available to serve six months for his failure to notify the parole supervisor authorities of his arrests. Donnelly contends that the Board's order should be set aside and his parole reinstated because his preliminary hearing was untimely held.

On September 12, 1981, while on parole, Donnelly was arrested on charges of burglary, theft, receiving stolen goods and criminal trespass. On October 4, 1981, he was arrested on charges of burglary, criminal trespass, theft, unlawful taking and receiving stolen goods. On October 9, 1981, a parole violation warrant was filed based on the new charges and for technical parole violations.

On February 4, 1982, Donnelly, represented by counsel, was afforded a Board violation hearing and on February 5, 1982 the Board took action to recommit him as a technical parole violator.[1] On March 16, 1982, the Board refused Donnelly's request for administrative relief. This appeal is from that action.

There is a disputed fact. Item 4 of the "Certification of Record" filed by the Board states that "Mr. Donnelly was afforded a preliminary hearing on October 20, 1981, by a representative of the Board." Donnelly asserts in his petition for review that the preliminary hearing was not held until October 27, 1981. The preliminary hearing was required to be held within fifteen days from October 9, 1981, that is, by October 24, 1981. 37 Pa. Code §71.2(3).

---

[1] Following Donnelly's conviction on new charges and a revocation hearing, the Board took action on July 17, 1982, to reaffirm its commitment action of February 5, 1982 and to additionally recommit Donnelly as a convicted parole violator to serve twelve months for a total of eighteen months on backtime.

But, even if the preliminary hearing was not conducted until October 27, 1981, Donnelly would not now be entitled to the relief he seeks—reinstatement on parole—because he has already been recommitted after a Board violation hearing. *Whittington v. Pennsylvania Board of Probation and Parole*, 45 Pa. Commonwealth Ct. 58, 404 A.2d 782 (1979); *Commonwealth v. Perry*, 254 Pa. Superior Ct. 48, 385 A.2d 518 (1978).

In *Whittington*, the parolee alleged that he had not received a timely preliminary hearing and requested that a detainer lodged by the Board be vacated. We agreed that the parolee had not received a timely detention hearing, but held that the parolee's failure to raise the issue of the timeliness of the detention hearing in advance of his revocation hearing barred relief. In dismissing the parolee's argument, we adopted the legal reasoning applied by the Superior Court in *Commonwealth v. Perry*, 254 Pa. Superior Ct. 48, 385 A.2d 518 (1978) where the parolee had alleged that he had not been given a Gagnon I[2] hearing and argued that as a result he was entitled to a new revocation hearing:

> The purpose of the requirement of a *Gagnon I* hearing is different: it is to ensure against detention on allegations of violations that have no foundation of probable cause. If before his parole or probation is revoked a parolee or probationer has not complained of the lack of a *Gagnon I* hearing, he has already suffered the harm that the omission allegedly caused; since the substance of the revocation proceeding is not affected by the omission, the parolee or probationer will not be heard to complain later.

*Whittington*, 45 Pa. Commonwealth Ct. at 60, 404 A.2d at 783 (quoting *Commonwealth v. Perry*, 254 Pa. Superior Ct. 52, 385 A.2d at 520).

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

Likewise in the instant case, having failed to raise the timeliness issue before his parole was revoked at the violation hearing, "he has suffered a wrong for which there is now no remedy." *Whittington,* 45 Pa. Commonwealth Ct. at 61, 404 A.2d at 783.

Therefore, we affirm the order of the Board.

ORDER

AND Now, this 24th day of February, 1983, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.