534 A.2d 577

Jessie Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 11, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Jessie Johnson,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 10, 1987:

Before us in our original jurisdiction is a preliminary objection of the Pennsylvania Board of Probation and Parole (Board) to a petition for review filed by Jessie Johnson (Petitioner).

Petitioner alleges that, while on parole, he was arrested and charged with robbery on or about February 6, 1987, that on February 9 the Board lodged its detainer against Petitioner, and that a detention hearing was scheduled for and held on March 6, 1987. Subsequent to the hearing, the Board ordered that Petitioner be detained pending disposition of his case. On March 13, the common pleas court dismissed the criminal charges against Petitioner and on March 16 the Board "lodged technical parole violations" against Petitioner for conditions of parole that were breached by the acts relating to dismissed criminal charges. On March 20, the Board held a preliminary hearing on the technical parole violation charges and scheduled a final revocation hearing. Petitioner further alleges that at the revocation hearing he served a "preliminary objection" upon the Board, which advised the Board that Petitioner considered the Board's actions illegal. Petitioner then petitioned this Court for relief, and by order dated March 31, 1987, we directed that the petition be considered as one in our original jurisdiction.

Succinctly stated, Petitioner's theory is that because the criminal charges against him were dismissed, the Board cannot charge him with a technical parole violation emanating from the alleged criminal conduct. He asserts that to do so is contrary to Board Regulation 71.2, 37 Pa. Code §71.2, and the spirit of *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985).

The portion of Regulation 71.2 upon which Petitioner relies reads as follows:

> The following procedures shall apply in cases where the parolee is charged with a violation of parole conditions *other than arrest* or conviction for a new criminal offense . . .

(Emphasis added.) Petitioner asserts that this language clearly bars the Board from recommitting a technical parole violator on charges stemming from an arrest. The Board counters that Regulation 71.2 pertains only to procedures to be followed and does not purport to limit the Board's statutory authority to recommit technical parole violators. We agree with the Board and note that pursuant to Section 21.1 of the Act of August 6, 1941, (Act) P.L. 861, *as amended,* 61 P.S. §331.21a[1], the Board is authorized to recommit *as a technical parole violator* any parolee who "violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record. . . ." The instant recommitment is not based upon a conviction or guilty plea and, hence, is permissible under Section 21.1. Further, we view the arrest as merging with the conviction, and when there is no conviction the arrest associated with a conviction that fails to materialize is, itself, dissipated.

Petitioner further asserts that to permit the alleged criminal conduct to form the basis for the technical parole conviction after the criminal charges have been dismissed violates the spirit of *Rivenbark.* We disagree. The holding in *Rivenbark* turns specifically upon that portion of Section 21.1 of the Act that prohibits a technical parole violation recommitment from being based upon an act constituting a new crime *of which the parolee is convicted.* There is, however, no language in the

---

[1] Section 21.1 was added by Section 5 of the Act of August 24, 1951, P.L. 1401.

Act that prohibits technical parole violators from being recommitted based upon dismissed criminal charges. It is entirely possible that the state could fail in its burden to prove a crime beyond reasonable doubt, but that the Board could succeed in proving by a preponderance of the evidence a technical parole violation. *See Hossback v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 344, 471 A.2d 186 (1984).

Having thus determined that Petitioner's petition has failed to state a cause of action, we shall sustain the Board's preliminary objection and dismiss the petition.

### ORDER

Now, December 10, 1987, the Board's preliminary objection is sustained and the petition for review in the above-captioned matter is hereby dismissed.