548 A.2d 1291

Marvin C. Wallace, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 1, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

509

*Marvin C. Wallace,* petitioner, for himself.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 19, 1988:

Before us is an appeal by Marvin C. Wallace (Petitioner), from an order of the Pennsylvania Board of Probation and Parole (Board), which denied his request for administrative relief and recommitted him to the State Correctional Institution as a technical parole violator. We affirm.

Petitioner was paroled by the Board in November, 1985 from a sentence of six-to-twenty years that was imposed by the Court of Common Pleas of Philadelphia County as a result of Petitioner's conviction of third degree murder and possession of an instrument of crime. On February 24, 1987, he was arrested and charged with aggravated assault for allegedly striking Richard Tripp on the head with a pipe. On the same day, the Board lodged its warrant and detainer against him. Petitioner's demurrer to the new criminal charge was subsequently sustained in the court of common pleas.

A preliminary parole hearing was held on July 21, 1987, at which time the hearing examiner determined that probable cause was established with respect to Petitioner's two technical parole violations, namely,

possession of a weapon and assaultive behavior. A parole violation hearing was held on August 13, 1987, and, as a result of that hearing, the Board ordered Petitioner to be recommitted as a technical parole violator to serve fifteen months backtime. Petitioner was represented by defense counsel throughout that hearing.

Petitioner, now proceeding *pro se*, subsequently filed a timely administrative appeal that was denied by the Board on December 1, 1987. This appeal ensued.

In this appeal, Petitioner raises several issues for our review. First, Petitioner maintains that he was denied the right of due process as the Board did not provide him with advance notice of his violation hearing. We have reviewed the record, however, and have found that this issue was not raised by Petitioner at his violation hearing. Where a parolee fails to raise an issue before the Board, it is considered waived and cannot be raised for the first time on judicial review. Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a).

Petitioner asserts, however, that his hearing counsel was ineffective, and that the appeal now before this Court is his first opportunity to raise the notice issue. We do not agree. While this Court has in the past held that an issue may be raised for the first time on appeal here, it has only been where the facts warranted such extraordinary consideration. *See Vereen v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 63, 515 A.2d 637 (1986) (issue of defense counsel's ineffectiveness not waived where the administrative appeal counsel and violation hearing counsel were not the same). In the case before us, however, Petitioner proceeded *pro se* during his administrative appeal and did not challenge the sufficiency of the violation hearing notice on the basis of ineffective assistance of counsel. Therefore, Petitioner has not only waived the notice issue, he has also waived any claim that his violation hearing counsel was ineffective.

Petitioner next contends that his two alleged technical violations are not supported by substantial evidence. Specifically, he contends that the Board based its decision on the inadmissible hearsay testimony of Richard Tripp, the alleged victim, and Nathan Lassiter, a witness. Hearsay evidence is admissible in parole revocation hearings. *Morrissey v. Brewer,* 408 U.S. 471 (1972). The factors to be considered in the admission of hearsay at a revocation hearing are whether the evidence is objected to by the parolee, and, if so, whether the Board or hearing examiner has made a specific finding of good cause for a witness's absence. *Sinwell v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 429, 406 A.2d 597 (1979).

In the case presently before us, the assault victim, Richard Tripp, was unable to attend the violation hearing because he was dead. The Board, therefore, introduced the transcript from the municipal court's hearing wherein Richard Tripp testified in Petitioner's related criminal case. We find the municipal court's transcript to be admissible as a common law exception to the hearsay rule as prior recorded testimony. This exception provides that an unavailable witness' recorded testimony from a prior preliminary hearing or other proceeding is admissible, provided that the Petitioner had a full opportunity to cross examine the witness during the prior proceeding. *Commonwealth v. Duncan,* 473 Pa. 62, 373 A.2d 1051 (1977). Death unquestionably, of course, constitutes unavailability. *Commonwealth v. Scarborough,* 491 Pa. 300, 421 A.2d 147 (1980). Here, the record establishes that Mr. Tripp was dead, *and* that Petitioner was represented by counsel at the municipal court hearing and had the opportunity to confront and cross examine Mr. Tripp. We, thus, believe the Board properly found good cause to admit the testimony. *See* former 37 Pa. Code §71.5(d); *accord* 42 Pa. C. S. §5934.

Petitioner further argues that it was error to allow Nathan Lassiter to testify as to what he saw and as to what Mr. Tripp told him, and asserts this testimony also constituted hearsay. While Mr. Lassiter's testimony of what Mr. Tripp said is hearsay, it was harmless error inasmuch as Mr. Tripp's own testimony constituted substantial evidence of the assault and possession of a weapon. As to what Mr. Lassiter saw, as opposed to what he heard, that testimony is not hearsay at all.

Mr. Tripp testified that Petitioner hit him over the head with a pipe. Mr. Lassiter testified that he saw Petitioner carrying a pipe, and that he saw Mr. Tripp bleeding. We believe this testimony substantiates the Board's finding that Petitioner was in possession of a weapon and had committed assaultive bahavior, thereby committing two technical violations.

Finally, Petitioner contends that because the common pleas court sustained his demurrer to the Commonwealth's evidence resulting in his acquittal, the principle of collateral estoppel bars his recommitment as a technical parole violator. We disagree.

In *Hawkins v. Pennsylvania Board of Probation and Parole*, 88 Pa. Commonwealth Ct. 547, 490 A.2d 942 (1985), we held that the principle of collateral estoppel as set forth in *Commonwealth v. Brown*, 503 Pa. 514, 469 A.2d 1371 (1983), does not apply to Board revocation proceedings, since the technical conditions of parole cover a wider range of conduct than the related provisions of the Crimes Code. Consequently, it is permissible to recommit a parolee as a technical parole violator for conduct that was also the subject of criminal prosecution where the parolee was acquitted if there is no identity of the issues. *Hawkins.* The only exception so far to this rule is where a parolee's only defense at the criminal trial is alibi and he or she is acquitted. There, a parolee cannot be recommitted as a technical parole vi-

olator for conduct which was the subject of the criminal charges because the fact finder would have had to find that he was not present at the crime scene. *Boswell v. Pennsylvania Board of Probation and Parole,* 98 Pa. Commonwealth Ct. 386, 512 A.2d 66 (1986).

Here, a demurrer was entered as to the sufficiency of evidence. This does *not* fall within the narrow exception to collateral estoppel in parole and probation revocation proceedings as stated in *Boswell.* Under such circumstances, the Board is free to recommit a parolee upon the conduct of criminal charges of which he was acquitted. It is possible for the Commonwealth to have failed in its burden to prove a crime beyond a reasonable doubt, but the Board could succeed in proving by a preponderance of the evidence a technical parole violation. *Johnson v. Pennsylvania Board of Probation and Parole,* 111 Pa. Commonwealth Ct. 568, 534 A.2d 577 (1987); *Hawkins.*

Accordingly, we must affirm the decision of the Board.

### ORDER

Now, September 19, 1988, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.