IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lance Riley,                                       :
                        Petitioner                 :
                                                   :
            v.                                     :        No.  1115 C.D. 2021
                                                   :        Submitted:  May 27, 2022
Pennsylvania Parole Board,                         :
                        Respondent                 :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                   FILED:  July 21, 2022


        Lance Riley (Riley) petitions for review (Petition) of the Pennsylvania Parole
Board's (Parole Board) order, which affirmed the Parole Board's decision
recommitting Riley as a convicted parole violator (CPV), denying Riley credit for
time spent at liberty on parole, and recalculating his maximum sentence date.  On
appeal, Riley asserts (1) that the Parole Board abused its discretion when it denied
Riley credit for time spent at liberty on parole since it improperly relied on his
medical condition as a basis and (2) that the Parole Board failed to credit Riley for
time spent in custody under a Parole Board detainer.  After review, we affirm.

        In 2016, the Court of Common Pleas of the 39th Judicial District (Franklin
County Branch) (trial court) sentenced Riley to an aggregate term of incarceration

of 9 months, 23 days minimum to 3 years maximum for one count of possession with intent to deliver drugs and one count of criminal use of a communication facility. Certified Record (C.R.) at 1. On March 21, 2017, the Parole Board granted Riley parole and subsequently released him from state incarceration. C.R. at 4. At the time of his release, Riley's maximum sentence date was September 27, 2019. C.R. at 6.

On August 29, 2018, Chambersburg police officers arrested Riley on new charges of receiving stolen property, possession with intent to deliver drugs, and possession of a firearm by a prohibited person. C.R. at 13. Riley failed to post bail and remained incarcerated on those charges, as well as the Parole Board's detainer pending disposition of the charges. C.R. at 1, 29, 105. On October 2, 2019, a jury convicted Riley of receiving stolen property and possession with the intent to deliver drugs. C.R. at 33. The trial court sentenced Riley to a term of incarceration of 30 to 120 months on the receiving stolen property conviction and a consecutive term of 24 to 120 months on possession with intent to deliver drugs. C.R. at 33.

On March 18, 2020, the Parole Board held a revocation hearing. C.R. at 56-66. At the hearing, Riley did not dispute his new criminal convictions. C.R. at 61. By decision recorded on June 4, 2020, the Parole Board recommitted Riley to a state correctional institution as a CPV to serve 24 months and denied him credit for time spent at liberty on parole. C.R. at 94. The Parole Board indicated that it denied credit for time spent at liberty on parole because (1) Riley "committed a new conviction that is the same or similar to the original offense" and (2) Riley "continues to demonstrate unresolved drug and/or alcohol issues." C.R. at 71. The Parole Board calculated Riley's parole violation maximum date as June 1, 2022. C.R. at 95.

2

In response, Riley challenged the Parole Board's decision through an administrative appeal. Riley argued that the Parole Board failed to account for five months of time between October 2019 and March 2020, when he was in Department of Corrections custody, and therefore the Parole Board failed to correctly calculate his minimum and maximum sentence. C.R. at 96. On August 5, 2021, the Parole Board denied Riley's administrative appeal.

Riley filed his Petition with this Court. In his Petition, Riley advances two issues. First, Riley argues that the Parole Board abused its discretion when it denied Riley credit for time spent at liberty on parole since it improperly relied on his medical condition as a basis. Second, Riley argues that the Parole Board failed to credit Riley for time spent in custody under a Parole Board detainer.

Before we consider the merits of Riley's first issue, we must address the Parole Board's assertion that this issue has been waived. Our review of quasijudicial orders is conducted on the record made before the government unit and "only questions raised before the government unit shall be heard or considered[.]" Pa. R.A.P. 1551(a). In appeals to the Parole Board, prisoners seeking administrative relief are required to specify the facts and legal basis for which relief should be granted. *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092 (Pa. Cmwlth. 1993). It is well settled that issues not raised before the Parole Board at either the revocation hearing or in the administrative appeal are waived and cannot be considered for the first time on appeal. *Jacobs v. Pa. Bd. of Prob. & Parole*, 958 A.2d 1110 (Pa. Cmwlth. 2008).

In his administrative appeal to the Parole Board, Riley failed to raise any allegations of error with respect to the Parole Board's consideration of his alleged medical condition. This issue is raised for the first time in Riley's brief in this

3

appeal. Because Riley failed to raise this argument before the Parole Board, the issue is waived for purposes of appeal to this Court.[1]

Turning to Riley's second issue, Riley asserts that the Parole Board should have credited him for the time he spent incarcerated from August 29, 2018, until March 25, 2020, because he was subject to the Parole Board's detainer during that time and was thus not at liberty on parole. The law regarding presentence credit is well-settled. When a parolee is "held in custody solely because of a detainer lodged by the Parole Board and has otherwise met the requirements for bail on the new criminal charges, the time he spent in custody shall be credited against his original sentence." *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). However, if a parolee "remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id*. at 571. While Riley suggests that the *Gaito* holding is "no longer viable and should be revisited[,]" our Pennsylvania Supreme Court noted *Gaito's* viability in *Smith v. Pennsylvania Board of Probation*

---

[1] Nevertheless, even if Riley had preserved the issue he now seeks to assert, we would conclude that it lacks merit. Riley's reliance on *Robinson v. California*, 370 U.S. 660 (1962), is misplaced. In *Robinson*, the United States Supreme Court struck down a statute that criminalized the status of being a drug addict, irrespective of whether an individual possessed or used illegal drugs. Thus, contrary to Riley's argument, *Robinson* does not support the proposition that it is unlawful or improper to consider an addicted parolee's drug-related sentence violations. Here, the Parole Board's consideration of Riley's "unresolved drug and/or alcohol issues" was not because he is an addict, but because he utilized controlled substances and was convicted, for a second time, of possession with intent to deliver controlled substances. Additionally, while this, in and of itself, is a sufficient basis to justify the Parole Board's credit denial, *see Smoak v. Talaber*, 193 A.3d 1160, 1164-65 (Pa. Cmwlth. 2018), the Parole Board also considered Riley's new conviction for possession with intent to deliver drugs, the same offense as his original conviction, in its decision to deny credit. C.R. at 71. Therefore, the Parole Board provided a sufficient basis for denying Riley credit for time spent at liberty on parole.

*& Parole*, 171 A.3d 759 (Pa. 2017), when it continued to utilize its allocation guidelines, on which this Court continues to rely.

Here, when Riley was paroled, he had 799 days remaining on his sentence and his maximum sentence date was September 27, 2019. There is no dispute that Riley was in custody on the new criminal charges and the Parole Board warrant from August 29, 2018, to March 25, 2020. Additionally, Riley does not dispute that he failed to satisfy bail requirements on the new charges. The Parole Board provided Riley credit for one day, August 29, 2018, to August 30, 2018, because he was detained solely on the Parole Board's warrant. The remaining 573 days of the time he spent in pre-trial custody (August 30, 2018, to March 25, 2020) are properly credited to his new sentence. In denying Riley credit for time spent at liberty on parole, the Parole Board added the remaining 798 days Riley owed on his original sentence to his maximum sentence. As his original maximum sentence date was September 27, 2019, this resulted in a recalculated parole violation maximum sentence date of June 1, 2022. We discern no error in the Parole Board's recalculation of Riley's maximum sentence date.

Accordingly, the Parole Board's decision is affirmed.

_____
STACY WALLACE, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lance Riley,                              :
                    Petitioner            :
                                          :
        v.                                :        No.  1115 C.D. 2021
                                          :
Pennsylvania Parole Board,                :
                    Respondent            :


# **O R D E R**


**AND NOW**, this 21st day of July, 2022, the order of the Pennsylvania Parole Board, dated August 5, 2021, is **AFFIRMED**.


_____
STACY WALLACE, Judge