# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher T. Thomas,         :
            Petitioner    :
                           :
        v.                :
                           :
Pennsylvania Parole Board,    :   No. 1173 C.D. 2022
            Respondent    :   Submitted: October 10, 2023


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION BY
JUDGE COVEY                            FILED: November 1, 2023

Christopher T. Thomas (Thomas) petitions this Court for review of the Pennsylvania Parole Board's (Board) September 28, 2022 decision affirming the Board's decision recorded May 2, 2022 (mailed May 4, 2022) that rescinded Thomas's automatic reparole. Thomas presents two issues for this Court's review: (1) whether substantial evidence supported the Board's finding that Thomas was in possession of a controlled substance; and (2) whether the Board erred as a matter of law by rescinding Thomas's automatic reparole. After review, this Court affirms.

Thomas (Inmate No. KS6532) is currently incarcerated at the State Correctional Institution (SCI) at Fayette.[1] On September 13, 2012, the Allegheny County Common Pleas Court sentenced Thomas to serve 8 to 16 years of incarceration for burglary (Original Sentence). *See* Certified Record (C.R.) at 1-4, 11, 40. Thomas's Original Sentence maximum release date was December 21, 2026. *See* C.R. at 3, 11, 40.

---

[1] *See* http://inmatelocator.cor.pa.gov (last visited Oct. 31, 2023).

On June 4, 2021, the Board granted Thomas parole from his Original Sentence on or after September 22, 2021, to Renewal, Inc., a community corrections center. *See* C.R. at 4-10. As a condition of his parole, on June 21, 2021, Thomas agreed to certain parole conditions (Conditions), including Condition 5.c, which required him to "refrain from assaultive behavior[,]" C.R. at 13, and Condition 7, which specified, in pertinent part: "If you violate a condition of your parole/reparole and, after an appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole[,] you may be recommitted to prison for such time as may be specified by the Board." C.R. at 14. On September 24, 2021, Thomas agreed to an additional special parole condition that declared: "You will comply with all of Renewal[,] Inc[.'s] rules and regulations. You are required to successfully complete all prescribed programs and treatment. Any violation of Renewal[,] Inc[.'s] rules and or regulations will be considered a violation of your parole." C.R. at 29.

On November 5, 2021, Renewal, Inc. discharged Thomas for verbally threatening a staff member on November 4, 2021. *See* C.R. at 21, 31. That same day, the Board issued a warrant to commit and detain Thomas, and parole staff transported him to the Butler County Jail. *See* C.R. at 18, 31. On November 6, 2021, the Board cancelled its warrant to commit and detain Thomas. *See* C.R. at 19. On November 8, 2021, parole staff issued a technical parole violation arrest report. *See* C.R. at 24-25. Thereafter, the Board issued a Notice of Charges and Hearing to Thomas, scheduling a parole violation hearing for January 19, 2022, which was rescheduled at Thomas's request. *See* C.R. at 26.

On January 26, 2022, the Board issued Thomas a Notice of Charges and Hearing, scheduling a parole violation hearing for February 25, 2022. *See* C.R. at 21. Thomas waived his right to a panel hearing, *see* C.R. at 23, and a single hearing examiner conducted the hearing on February 25, 2022. *See* C.R. at 33-76.

2

By decision recorded on March 4, 2022 (mailed March 10, 2022), the Board recommitted Thomas to an SCI as a technical parole violator (TPV) to serve six months of backtime on his Original Sentence for violating Conditions 5.c (failure to refrain from assaultive behavior) and 7 (failure to successfully complete the Renewal, Inc. program). *See* C.R. at 95-97; *see also* C.R. at 77-94. The Board's decision included, *inter alia*: "YOU ARE REPAROLED AUTOMATICALLY WITHOUT FURTHER ACTION OF THE BOARD ON [MAY 5,] 2022 (1ST ACT 122 TPV RECOMMITMENT)[,] PROVIDED YOU DO NOT[:] [(]1) COMMIT A DISCIPLINARY INFRACTION INVOLVING ASSAULTIVE BEHAVIOR, SEXUAL ASSAULT, A WEAPON[,] OR CONTROLLED SUBSTANCE . . . ." *See* C.R. at 96.

By letter postmarked March 15, 2022, Thomas notified the Board of his intention to appeal from the Board's decision recorded on March 4, 2022 (mailed March 10, 2022). *See* C.R. at 110-111. On March 21, 2022, the Board received Thomas's pro se administrative remedies form postmarked March 17, 2022, challenging the Board's decision recorded on March 4, 2022 (mailed March 10, 2022), on the basis that he was the victim of constitutional and ethics violations. *See* C.R. at 112-115.

While Thomas was serving his recommitment at SCI-Fayette, the Department of Corrections (DOC) issued a misconduct (No. D686341) for Thomas's possession or use of a dangerous or controlled substance (Possession Misconduct) and for possession of contraband (Contraband Misconduct) on April 22, 2022.[2] *See*

---

[2] The April 27, 2022 Automatic Reparole Rescission Report reflected:

> The [M]isconduct [No. D686341] was for violation of [DOC R]ules: #22 - [p]ossession or use of a dangerous or controlled substance and #36 - [p]ossession of [c]ontraband. The [underlying action] occurred in the SCI on [April 22,] 2022[,] during a cell search where a [corrections officer] discovered a piece of paper on [Thomas's] desk that tested positive for [s]ynthetic [c]annabinoids. [Thomas]

3

C.R. at 100-104. By April 27, 2022 notice, DOC informed the Board that Thomas's Contraband Misconduct involved "[p]ossession of [c]ontraband (a piece of paper testing positive for synthetic cannabinoids)[,]"[3] for which he was placed in disciplinary custody for 45 days. C.R. at 99. By decision recorded May 2, 2022 (mailed May 4, 2022), the Board rescinded Thomas's May 5, 2022 automatic reparole "DUE TO MISCONDUCT[;] COMMIT[T]ED A DISCIPLINARY INFRACTION INVOLVING POSSESSION OR USE OF A CONTROLLED SUBSTANCE."[4] C.R. at 109; *see also* C.R. at 105-108.

On June 23, 2022, the Board received Thomas's pro se letter postmarked May 31, 2022, challenging the Board's automatic reparole rescission recorded on May 2, 2022 (mailed May 4, 2022). *See* C.R. at 116-117. Therein, Thomas asked the following questions:

> Why [Thomas] is identified as petitioner, Inmate No. KS-6532, and Parolee No. 197-DB?
>
> Explain what violation [Thomas] committed to warrant the automatic reparole recission.
>
> Why [Thomas] is being held at SCI-Fayette, which is a maximum security facility, when his Original Sentence was for a non-violent offense?
>
> Why [Thomas] has not been released to a community corrections facility based on his factual position?

---

> took ownership of all property in the cell at the time. [Thomas] plead [sic] not guilty to [both the Possession and Contraband M]isconducts at the [April 25,] 2022 disciplinary hearing and was found guilty by the DOC. The DOC imposed 45 days in disciplinary custody . . . .

C.R. at 106.

[3] Section 6101 of the Prisons and Parole Code defines *contraband* as "[a]ny item that the offender is not permitted to possess under the conditions of supervision, including any item whose possession is forbidden by any [f]ederal, [s]tate or local law." 61 Pa.C.S. § 6101.

[4] The Board's decision reflected that the Board would review Thomas for reparole again on or after January 1, 2023. *See* C.R. at 108-109.

4

> Why has the Board not responded to [Thomas's] March 21, 2022 appeal?

*See* C.R. at 116.

On September 28, 2022, the Board affirmed its decisions recorded on March 4, 2022 (mailed March 10, 2022) and May 2, 2022 (mailed May 4, 2022),[5] stating:

> First, the record reveals that [o]n February 25, 2022, the Board conducted a non-panel violation hearing to afford to you the opportunity to answer the technical parole violations charged against you. The Board relied upon the evidence presented (three videos) and the credible testimony of Renewal[,] Inc. staff during the hearing to determine that you were in violation of [C]ondition[s] []5[.]c (assaultive behavior) and []7 (unsuccessful discharge from Renewal[,] Inc.). The panel [found] that the evidence presented and testimony provided at that hearing [were] sufficient to support the recommitment.
>
> Next, the [Board] decision recorded on March 4, 2022 [(mailed March 10, 2022),] recommitted you for the aforementioned technical violations and established an automatic reparole date of no later than May 5, 2022. The record reveals that on April 22, 2022, you incurred a [Possession Misconduct] and [Contraband Misconduct]. You were afforded a misconduct hearing at [SCI-Fayette], you were found guilty, and you were sanctioned to 45-days['] disciplinary custody.
>
> [Section 6138(d)(5) of t]he Prisons and Parole Code [(Parole Code)] provides that automatic reparole does not apply to [TPVs] who commit disciplinary infractions involving controlled substances. [*See*] 61 Pa.C.S. § 6138(d)(5).[6]     Because you incurred a qualifying

---

[5] The Board's September 28, 2022 decision reflects that it was in response to Thomas's letter received March 18, 2022 (postmarked March 15, 2022), Thomas's administrative remedies form received March 21, 2022 (postmarked March 17, 2022), and Thomas's letter received June 23, 2022 (postmarked May 31, 2022). *See* C.R. at 118.

[6] Section 6138(d) of the Parole Code states:

misconduct under the statute, the Board acted within its authority by rescinding automatic reparole in this case. Moreover, the Board acted within its discretion by taking this action without conducting an additional evidentiary hearing because you were already afforded due process to challenge the misconduct at issue in the hearing held at the institution. There is no reason for the Board to re-litigate those facts.

. . . . The record in this matter reveals the Board decisions recorded on March 4, 2022 (mailed [March 10,] 2022)[,] and May 2, 2022 (mailed [May 4,] 2022)[,] are supported by substantial evidence, do not constitute an error of law, and do not violate your constitutional rights.

C.R. at 118-119. Thomas appealed pro se to this Court.[7]

In his Petition for Review, Thomas asserted:

[Thomas] continued to pursue an appeal of [Thomas's] misconduct, and on the 28th day of April, 2022, [DOC's] Program Review Committee issued its final disposition in

---

A [TPV] recommitted to a[n] [SCI] . . . shall be recommitted as follows:

. . . .

(5) The time limit under paragraph (3) [(i.e., six months for the first recommitment)] shall not be applicable to an offender who:

(i) committed a disciplinary infraction involving assaultive behavior, sexual assault, a weapon or controlled substances;

(ii) spent more than 90 days in segregated housing due to one or more disciplinary infractions; or

(iii) refused programming or a work assignment.

61 Pa.C.S. § 6138(d).

[7] "This Court's review of an automatic reparole rescission action 'is limited to determining whether the findings were supported by substantial evidence, whether constitutional rights were violated, or whether the Board committed an error of law.'" *Anderson v. Pa. Parole Bd.*, 266 A.3d 106, 108 n.3 (Pa. Cmwlth. 2021) (quoting *Lockett v. Pa. Bd. of Prob. & Parole*, 141 A.3d 613, 615 n.1 (Pa. Cmwlth. 2016)).

Thomas filed an application to proceed *in forma pauperis*, which this Court granted on November 3, 2022. On November 21, 2022, Fayette County Assistant Public Defender Tyler C. Shultz entered his appearance on Thomas's behalf.

[Thomas's] misconduct appeal, whereas, [Thomas] was found "Not Guilty" of [the Possession Misconduct (X)], but "Guilty" of the charge of [Contraband Misconduct (Y)].

As [Thomas] has previously stated that both "X" and "Y" are [s]ynonymous to each other[,] meaning that the two things are closely associated with each other or one cannot exist without the other. Therefore, [i]f [Possession Misconduct] "X" [] was [d]ismissed, [t]hen [Contraband Misconduct] "Y" [] should have been [d]ismissed as well.

Pet. for Rev. at 3 (quotation marks omitted); *see also* C.R. at 101-102.

In his brief to this Court, Thomas argues that since he was ultimately found not guilty of the Possession Misconduct, and was only found guilty of the Contraband Misconduct, which is not grounds for rescission, the Board erred as a matter of law by rescinding Thomas's automatic reparole. The Board responds that Thomas waived that issue by not raising it to the Board in his administrative appeals.

Preliminarily, this Court must address the Board's allegation that Thomas waived those arguments.

The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal. [*See*] *Jacobs v. P[a.] B[d.] of Prob[.] [&] Parole*, 958 A.2d 1110 (Pa. Cmwlth. 2008); *Newsome v. P[a.] B[d.] of Prob[.] [&] Parole, . . .* 553 A.2d 1050 ([Pa. Cmwlth.] 1989).

*Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012).

Here, because the actions upon which Thomas's April 22, 2022 Possession and Contraband Misconducts were based had not yet occurred, he could not have raised them at his violation hearing or in his March 17, 2022 administrative remedies form. *See* C.R. at 112-115. However, Thomas's May 31, 2022 letter (received by the Board on June 23, 2022), which was sent after he was found guilty of the Contraband Misconduct, did not expressly challenge the Board's decision

7

recorded on May 2, 2022 (mailed May 4, 2022), on the basis that the Contraband Misconduct was not a statutory basis for rescission, or that the Board erred by rescinding his automatic reparole. Rather, Thomas merely asked the Board to clarify "what violation he committed to warrant the automatic reparole re[s]cission." C.R. at 116. Under the circumstances, Thomas waived his argument by raising it for the first time on appeal to this Court.

Even if this Court was to construe Thomas's May 31, 2022 request for the Board to explain what violation he committed to warrant the automatic reparole rescission as a challenge to the Board's decision recorded on May 2, 2022 (mailed May 4, 2022), on the basis that his Contraband Misconduct was not a statutory basis for rescission, Thomas's appeal still fails.

Section 6138(d)(5)(i) of the Parole Code statutorily prohibits the Board from automatically reparoling an inmate who "committed a disciplinary infraction *involving* . . . **controlled substances**[.]" 61 Pa.C.S. § 6138(d)(5)(i) (italic and bold emphasis added). Section 1.B.4.d of DOC's DC-ADM 801 (Inmate Discipline Procedures Manual), declares that "[**d**]**rug-related misconducts include** dealing, using (including positive drug test results or refusal to submit to drug testing), or **possessing illegal or non-prescribed drugs and/or drug paraphernalia**." DC-ADM 801 at 1-2 - 1-3 (emphasis added);[8] *see also* Section VIII.D.3.w, aa of the Inmate Handbook at 34-35.[9] DOC's DC-ADM 801 defines **contraband possession misconduct** to "**includ**[**e**] . . . **non-prescribed drugs** (or drugs which are prescribed, but which the inmate is not authorized to possess), **drug paraphernalia**, . . . [**and**]

___

[8] www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/801%20Inmate%20Discipline.pdf (last visited Oct. 31, 2023).

[9] www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/2023%20Inmate%20Handbook%20ENGLISH.pdf (last visited Oct. 31, 2023).

**intoxicants** . . . ."[10]  DC-ADM 801 Attachment 1-A (emphasis added); *see also* Section VIII.D of the Inmate Handbook at 44.[11]  Neither Section 6138(d)(5)(i) of the Parole Code nor DC-ADM 801 require that an inmate be *found guilty of* possessing or using a controlled substance in order for DOC to declare an inmate guilty of misconduct involving drug-related possession of contraband.

> Here, regarding Thomas's Contraband Misconduct, the record reflects:

> [The hearing examiner] believed [Corrections] Officer [(CO)] Morrison's [(CO Morrison)[12]] report over [Thomas's] denial that [Thomas] possessed contraband when [CO Morrison] discovered suspected contraband on the cell desk.  [Thomas] had taken ownership of items on the desk.  [CO Morrison] tested the **contraband which was a 1½ x 1½ piece of paper** [with] **mark AP on it and it was tested with the Narc II test kit which yielded positive results for synthetic cannabinoids**.[13]  A preponderance of the evidence exists to support the [Contraband Misconduct].[14]

---

[10] www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/801%20Inmate%20Discipline.pdf (last visited Oct. 31, 2023).

[11] www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/2023%20Inmate%20Handbook%20ENGLISH.pdf (last visited Oct. 31, 2023).

[12] CO Morrison's full name is not legible.  *See* C.R. at 100.

[13] Synthetic cannabinoids are Schedule I controlled substances under Section 4(1)(vii) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-104(1)(vii).

[14] The hearing examiner dismissed the possession or use of a controlled substance misconduct charge.  *See* C.R. at 102.  Although not included as part of the Board's Certified Record, in the Petition for Review, Thomas explained that he appealed from the hearing examiner's misconduct determination to DOC's Program Review Committee which, on April 28, 2022, upheld the hearing examiner's ruling.  *See* Pet. for Rev. at 3.  "It is well settled that '[i]nmate misconducts are a matter of internal prison management and, thus, do not constitute adjudications subject to appellate review.'"  *Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269 (Pa. Cmwlth. 2021) (quoting *Hill v. Dep't of Corr.*, 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013)).  Accordingly, this Court lacks jurisdiction to review DOC's misconduct decision.

9

C.R. at 102 (emphasis added); *see also* C.R. at 106. Because DOC expressly found that Thomas's contraband possession misconduct "***involv*[*ed*] . . . [a] controlled substance**[,]" Section 6138(d)(5)(i) of the Parole Code authorized the Board to rescind his automatic reparole. 61 Pa.C.S. § 6138(d)(5)(i) (italic and bold emphasis added); *see also Anderson v. Pa. Parole Bd.*, 266 A.3d 106 (Pa. Cmwlth. 2021) (documentary evidence of prison misconduct is substantial evidence upon which the Board may rely to rescind automatic reparole). Accordingly, the Board did not err as a matter of law by rescinding Thomas's automatic reparole.

Based on the foregoing, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher T. Thomas,  :
                Petitioner  :
                  :
        v.  :
                  :
Pennsylvania Parole Board,  :   No. 1173 C.D. 2022
           Respondent  :

## O R D E R

AND NOW, this 1st day of November, 2023, the Pennsylvania Parole Board's September 28, 2022 decision is affirmed.

_____
ANNE E. COVEY, Judge